UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition | : |
| of | : CIVIL ACTION NO.: 22-7383 |
| | : |
| NEW YORK CITY BOAT TOURS, LLC and | : **PETITION FOR EXONERATION** |
| EDWARD MATTIACE, as Owner of the 36' | : **FROM OR LIMITATION OF** |
| uninspected passenger vessel "HONCHO" | : **LIABILITY** |
| bearing Hull Number HEB00069G585 | : |

Petitioners New York City Boat Tours, LLC, and Edward Mattiace, as Owners of a 36-foot uninspected passenger vessel HONCHO, bearing official Hull Identification number HEB00069G585 (the "Vessel"), bring this action for exoneration from and limitation of liability pursuant to Title 46 U.S.C. §30501 et seq. (formerly 46 U.S.C. App. §183) and Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, and alleges the following upon information and belief:

## JURISDICTION & VENUE

1.      This Court has jurisdiction over this cause of action pursuant to the provisions of Article III, Section 2, of the United States Constitution and Title 28 U.S.C. §1333. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is properly laid in this district in accordance with Supplemental Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, inasmuch as the Vessel's homeport and intended destination on the subject voyage was Brooklyn, New York, and the Vessel has not been arrested or attached, and no suit has yet been filed against Petitioners or the Vessel for the matters contained in this Complaint within the meaning of the statutes of the United States.

## THE PARTIES

3. At all relevant times, Petitioner New York City Harbor Tours, LLC, was the owner of the Vessel and had a place of business in Suffolk County, New York.

4. At all relevant times, Petitioner Edward Mattiace was the sole member of Petitioner New York City Harbor Tours, LLC, and has a place of residence in Suffolk County, New York.

5. No written claims have been received to date by Petitioners. However, the City of New York is an anticipated claimant.

6. The Estate of Johnny Beernaert, who has already filed a Notice of Claim with the City of New York, is also an anticipated claimant.

## THE LIMITATION PETITION

7. On June 17, 2022, at approximately 10 PM, the Vessel was operating in a lawful manner in the East River with six (6) passengers aboard in the vicinity of Brooklyn Bridge Park Pier 2.

8. The East River is a navigable body of water within the meaning of 33 C.F.R. Section 329 and within this Court's admiralty and maritime jurisdiction, and subject to the Inland Rules of Navigation.

9. Petitioner Edward Mattiace was at the helm of the Vessel and traveling at approximately five (5) miles per hour in a south-westerly direction on the East River with his running, navigation, and all-around white mast lights on and functioning properly, while maintaining a proper look out, and in full compliance of the Inland Rules of Navigation.

10. During this same time, FDNY vessel MARINE 1 BRAVO, a 31-foot rigid hull inflatable vessel, was being operated in a dangerous and unsafe manner and at a high rate of speed and without all available navigation equipment in use in a north-easterly direction on the East River, without the proper lighting being displayed aboard this emergency response vessel, and

with four civilian passengers aboard, including a visiting firefighter from Belgium, Johnny Beernaert. The MARINE 1 BRAVO was also operating without the proper permission and authority being granted by the FDNY to take out civilians on a "harbor tour," and without the vessel having the proper crew.

11. In the moments before the collision, the MARINE 1 BRAVO and the Vessel were approaching on a near reciprocal course. Without any negligence on the part of the Vessel, the MARINE 1 BRAVO struck the Vessel on her portside bow at a high rate of speed of over 22 miles per hour in violation of the Inland Rules of Navigation.

12. The MARINE 1 BRAVO violated the Inland Rules of Navigation by operating at an excessive speed under prevailing conditions, failing to illuminate all required running and navigation lights, failing to have a proper look out, failing to use all available means to avoid a collision, and failing to give way, reduce speed and/or alter course to avoid a collision with the Vessel.

13. As a result of the foregoing collision, Johnny Beernaert was fatally injured. It is unknown if other passengers onboard the MARINE 1 BRAVO were also injured. There were no reported injuries to any of the passengers on the Vessel.

14. At all times material herein, Petitioners New York City Boat Tours, LLC, and Edward Mattiace exercised due diligence to make the Vessel seaworthy in all respects.

15. If any loss, damage, injury or death was sustained in the subject incident, such loss, damage, injury or death, was in no way caused by the fault, negligence, recklessness or want of due care, on the part of Petitioners New York City Boat Tours, LLC, and Edward Mattiace or the Vessel or parties for which he may be held responsible. Rather, any such loss, damage, injury or death, was occasioned, incurred and caused wholly by the negligent operation of MARINE 1

BRAVO and without the fault, privity or knowledge of Petitioners New York City Boat Tours, LLC, and Edward Mattiace.

16. It is anticipated that the Estate of Johnny Beernaert, the City of New York and/or other unknown claimants may seek damages in an amount that will exceed the total sum or sums for which Petitioners may be legally responsible or may be required to pay under applicable statutes and laws governing exoneration from and limitation of liability.

17. The Vessel had a post-casualty value of no more than $25,000 following the subject incident.

18. Petitioners claim exoneration from and/or limitation of liability for any alleged loss, damage, injury or death occasioned by the aforesaid incident and for all claims which may hereafter be made and allege that they have valid defenses thereto both on the facts and on the law.

19. Petitioners claim the benefits of the limitation of liability provided in Title 46, United States Code, §30501 et seq. (formerly Title 46 United States Code, §183 et seq.), and pursuant to Supplemental Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, will deposit with the Court, for the benefit of Claimants, security equal to the post-casualty value of the Vessel and then pending freight.

**WHEREFORE**, Petitioner prays that this Honorable Court:

1. Issue an Order directing the issuance of a Notice to all persons claiming damages for any and all loss, damage, injury or death caused by or resulting from the aforesaid incident, directing each of them to appear and make due proof of their respective claims, and also to appear and answer the allegations of this Complaint according to the law and practice of this Court on or before a certain time to be fixed by said monition;

2. Issue an Order restraining the further prosecution of any and all actions, suits and legal proceedings to be commenced or already begun, if any, to recover damages from the

Petitioners for any and all loss, damage, injury or death, caused by or resulting from the aforesaid incident and restraining the commencement or prosecution thereafter of any such action, suit or legal proceeding of any nature or description whatsoever in any jurisdiction, except in the proceeding herein, against the Petitioners, their agents or representatives, or against the Vessel in respect of any claim or claims arising out of the aforesaid incident;

3. Adjudge and decree that the Petitioners are not liable to any extent, for any loss, damage, injury or death, or for any claim therefor in any way arising out of the aforesaid incident;

4. That if the Petitioners should be adjudged liable to any extent in the premises, then such liability should be limited to the amount or value of the Vessel immediately following said incident, and that the Petitioners be discharged therefrom upon the surrender of said value and that the money surrendered, paid or secured to be paid as aforesaid, be divided pro rata according to the pertinent federal statutes among such claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and that a decree may be entered discharging the Petitioners and the Vessel from all further liability; and

5. That the Petitioners may have such other, further and different relief, as may be just and proper.

Dated: New York, New York
December 6, 2022

NICOLETTI HORNIG & SWEENEY
*Attorneys for Petitioners*

BY: _____
Guerric S.D.L. Russell
88 Pine Street, 7th Floor
New York, New York 10005-1801
Tel: 212-220-3830
Fax: 212-220-3780
Email: grussell@nicolettihornig.com
Our File No.: 10000720 GSR/JJH