HOFMANN & SCHWEITZER
*Attorneys for Claimant Heidi Vermandel*
212 West 35th Street, 12th Floor
New York, New York 10001
Tel: 212-465-8840
paulhofmann@hofmannlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
IN THE MATTER OF THE PETITION            1:22-cv-07383 (NGG)(LB)

         OF

NEW YORK CITY BOAT TOURS, LLC and
EDWARD MATTIACE, as Owner of the 36'
uninspected passenger vessel "HONCHO"
bearing Hull Number HEB00069G585, Petitioners

-----------------------------------------------------------------------------x

## ANSWER AND CLAIM OF HEIDI VERMANDEL, INDIVIDUALLY, AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE AND BENEFICIARIES OF JOHNNY BEERNAERT

## JURY TRIAL DEMANDED

HEIDI VERMANDEL, As Personal Representative of the ESTATE OF JOHNNY BEERNAERT, (hereinafter "claimant" and at times "third party plaintiff") answering the Complaint of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as Owner of the 36' uninspected passenger vessel "Honcho" for Exoneration from or Limitation of Liability (hereinafter referred to either as 'plaintiffs' or at times as 'petitioners'), answers petitioners' complaint and files her claims in limitation as follows:

1.      The allegations contained in paragraph 1 of the petition for limitation of or exoneration from liability ("petition") are legal conclusions that do not require a response. However, claimant admits the court has jurisdiction over this matter, and furthermore, states that the

court has jurisdiction pursuant to 28 USC § 1332, the claims being asserted herein under the common law and general maritime law are such that they exceed $75,000 exclusive of costs and interest and there is complete diversity between plaintiffs and claimant and there will be complete diversity, as well, as between claimant and her intended third-party defendant, The City of New York, against whom a third-party claim is or will be soon filed with the court.

2. The allegations contained in paragraph 2 of the petition regarding venue are admitted.

## ALLEGATIONS RELATED TO THE "PARTIES"

3. Claimant denies sufficient information in order to form a belief as to all of the allegations contained in paragraph 3 of the petition but does admit that at all relevant times, Petitioner New York City Harbor Tours, LLC, was an owner of the Vessel and it had a place of business in Suffolk County, New York. Claimant demand strict proof as to whether or not petitioner was the sole owner of the vessel.

4. Claimant admits that at all relevant times, Petitioners Edward Mattiace was a member of petitioners New York City Harbor Tours, LLC, and he also has a place of residence in Suffolk County, New York. Claimant demands strict proof as to whether Edward Mattiace was the sole member of New York Harbor Tours, LLC.

5. Claimant denies sufficient knowledge or information in order to form a belief as to the allegations contained in paragraph 5 of the petition.

6. Claimant admits that the petitioners anticipated the claims asserted herein.

## ALLEGATIONS RELATED TO THE LIMITATION PETITION

7. The allegations contained in paragraph 7 of the petition are admitted in part as to the fact that on June 17, 2022 at approximately 10:00 p.m. the vessel HONCHO was operating in the East River with six (6) passengers aboard in the vicinity of Brooklyn Bridge Park Pier 2, but denies all other allegations contained in paragraph 7 of the petition.

8. Claimant admits that The East River is a navigable body of water within the meaning of 33 C.F.R. Section 329 and within this Court's admiralty and maritime jurisdiction, and subject to the Inland Rules of Navigation, as stated in paragraph eight of the petition.

9. Claimant admits that Petitioners Edward Mattiace was at the helm of the Vessel at approximately 10:00 p.m. in a south-westerly direction on the East River as stated in paragraph nine of the petition, but denies he operated the vessel in a safe manner and in accordance with the Inland Navigation Rules, and further denies information sufficient to form a belief that the vessel had all appropriate running, navigation and all around white mast lights on and functioning properly and that the vessel was maintaining a proper lookout.

10. Claimant admits that during this same time, the City of New York's Fire Department marine operations vessel MARINE 1 BRAVO, a 31-foot rigid hull inflatable vessel, was being operated in a dangerous and unsafe manner and at a high rate of speed and without all available navigation equipment in use in a north-easterly direction on the East River, without the proper lighting being displayed aboard this emergency response vessel, and in violation of the Inland Rules of Navigation and without sufficient or proper crew, and furthermore, that there with four civilian passengers aboard, including a visiting

firefighter from Belgium, Johnny Beernaert, all as stated in paragraph 10 of the petition, but claimant denies all other allegations therein.

11. Claimant admits that in the moments before the collision, the MARINE 1 BRAVO and the Vessel were approaching on a near reciprocal course and that petitioners's Vessel and the MARINE 1 BRAVO thereafter were in a collision at a high rate of speed, and that at least the MARINE 1 BRAVO was in violation of the Inland Rules of Navigation as stated in the allegations contained in paragraph 11 of the petition, but as to all other allegations therein, Claimant denies sufficient information in order to form a belief thereto.

12. Claimant admits the allegations contained in paragraph 12 that the MARINE 1 BRAVO violated the Inland Rules of Navigation by operating at an excessive speed under prevailing conditions, failing to illuminate all required running and navigation lights, failing to have a proper look out, failing to use all available means to avoid a collision, and failing to give way, reduce speed and/or alter course to avoid a collision with the vessel HONCHO.

13. Claimant admits that, as stated in the allegations contained in paragraph 13 of the petition, as a result of the foregoing collision, Johnny Beernaert was fatally injured. Claimant denies knowledge or information as to whether passengers aboard the Vessel were injured. As described below, claimant herself suffered severe personal injuries while aboard the MARINE 1 BRAVO when it collided with petitioners's vessel.

14. The allegations contained in paragraph 14 of the petition are denied.

15. The allegations contained in paragraph 15 of the petition are denied except it is admitted there was fault, loss, damage, injury and death occasioned incurred and caused in part by

the negligent operation of MARINE 1 BRAVO.

16. Claimant admits that, as to the allegations contained in paragraph 16 of the petition, the Estate of Johnny Beernaert seeks damages herein, but denies all other allegations therein.

17. Claimant denies knowledge or information sufficient to respond to the allegations contained in paragraph 17 of the petition.

18. The allegations contained in paragraph 18 of the petition are pleas to the court which are denied as being unwarranted.

19. The allegations contained in paragraph 19 of the petition do not call for a response.

**AFFIRMATIVE DEFENSES**

20. First Affirmative Defense: At the commencement of the voyage, the Vessel was not seaworthy, not fit for its intended purpose, not properly maintained, nor equipped, as set forth in claimant's claim below, all of which was within the privity and knowledge of the petitioners.

21. Second Affirmative Defense: Petitioners New York City Boat Tours, LLC and Edward Mattiace, as owner, or as owner pro hac vice of the HONCHO are not entitled to either exoneration from or limitation of liability pursuant to 46 U.S.C. § 30501, et seq., for any and all loss, damage, and/or injury caused by the alleged incident, or done, occasioned, or incurred on the relevant voyage on which the alleged incident occurred, because the unseaworthy condition of the vessel and the negligent actions causing the death of Johnny Beernaert were within the privity and knowledge of plaintiffs; including the privity and knowledge of the master, and executive officers, and the member of New York City Boat Tours, LLC, which are imputed to plaintiff LLC.

22. Third Affirmative Defense: The alleged occurrence, loss, damages, and/or injuries referred to in the Complaint were caused or contributed to by the negligence of petitioners in their capacity as owner and operator of the subject vessel, and/or as a result of the petitioners' violations of applicable federal safety and operating regulations and/or statutes, thus the events were within the privity and knowledge of petitioners.

23. Fourth Affirmative Defense: The value of the limitation fund proposed by plaintiffs is inadequate and insufficient to pay all losses in full, thus limitation should be denied.

WHEREFORE, claimant prays that the court enter an order that plaintiffs are not entitled to limitation or exoneration of liability and the limitation/exoneration action be dismissed and claimant be allowed to bring her claim against plaintiffs before a jury and that judgment be entered on her behalf, for the benefit of the Estate of Johnny Beernaert, together with fees, costs and interest.

## CLAIMS IN LIMITATION

## CLAIMANT DEMANDS TRIAL BY JURY

HEIDI VERMANDEL, for and on behalf of the Estate and Beneficiaries of Johnny Beernaert, and as legal representative of the Estate of Johnny Beernaert and his beneficiaries, and on her own behalf for the injuries she suffered, and for the damages suffered by Sybren Beernaert and Iense Beernaert, respectfully alleges upon personal knowledge and upon information and belief, and states her claims against plaintiffs, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as follows:

24. Claimant repeats and realleges each and every allegation stated above in her answer to plaintiffs, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE's

complaint with the same force and effect as if set forth in their entirety.

25. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law and also pursuant to 28 U.S.C. § 1332(a)-(c), the parties being diverse and this being a claim in excess of $75,000 exclusive of costs and interest.

26. Claimant is hereby entitled to a trial by jury pursuant to the diversity jurisdiction described above, 28 U.S.C. § 1332 (a)-(c), and through the "savings to suitors" clause, 28 U.S.C. § 1333 which permits, by statutory authority or through the operation of law, the right to a trial by jury.

## THE PARTIES AND STATEMENT OF FACTS

27. On or about June 8, 2023, Heidi Vermandel, who was the lawfully wedded wife of Johnny Beernaert, and also the mother of Johnny Beernaert's son, Sybren Brent Beernaert and Iense Caro Beernaert, Johnny Beernaert's daughter, was appointed personal representative and administrator of the Estate of Johnny Beernaert. Ms. Vermandel and her two children are citizens and domiciliaries of Belgium. At the time of his demise on June 17, 2022, claimant's decedent, Johnny Beernaert, was a citizen and resident of Belgium. As a matter of law, Ms. Vermandel is entitled to bring these claims against petitioners for her own personal injuries and for the survival and wrongful death claims asserted herein.

28. At all relevant times, and in particular on June 17, 2022, claimant's decedent, Johnny Beernaert, was aboard the vessel owned and operated by the CITY OF NEW YORK, the MARINE 1 BRAVO, along with claimant Heidi Vermandel, as guests of a friend of theirs who was an employee of the City of New York's Fire Department ("FDNY"), or a

supervisor or former supervisor in the FDNY with authority to direct the use of FDNY marine vessels for social, and educational purposes and to develop good will in the community.

29. At all times material hereto EDWARD MATTIACE was the owner of the passenger vessel HONCHO.

30. Prior to, and on June 17, 2022, plaintiff, NEW YORK CITY BOAT TOURS, LLC was a New York limited liability company with a principal place of business in New York.

31. Prior to, and on June 17, 2022, NEW YORK CITY BOAT TOURS, LLC was the owner of the vessel, and EDWARD MATTIACE was an officer, shareholder and manager of the company, which also was an owner and operator of the passenger vessel HONCHO.

32. Prior to, and on June 17, 2022, plaintiffs, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, owned and operated the passenger vessel HONCHO.

33. The subject vessel, HONCHO, was a 36' passenger vessel outfitted to take passengers on tours of New York City.

34. On June 17, 2022, the passenger vessel HONCHO collided with the New York City Fire Department rescue vessel MARINE 1 BRAVO in the East River of New York.

35. Onboard the passenger vessel HONCHO at the time of the collision was plaintiff EDWARD MATTIACE, the vessel's captain. Aboard the MARINE 1 BRAVO were claimant, Heidi Vermandel, and claimant's decedent, Johnny Beernaert, both as guests and passengers.

36. The fateful voyage started in the evening of June 17, 2022 starting in the East River of New York.

37. Prior to, and on June 17, 2022, the passenger vessel HONCHO was unfit for its intended voyage, in ill repair, unsafe and unseaworthy, in poor maintenance, insufficiently manned and otherwise was unfit for voyaging that evening.

38. Prior to, and on June 17, 2022, plaintiff, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, its officers, servants, agents, and employees and/or other persons, were aware of and had full knowledge, or should have been aware and should have had full knowledge, of the vessel's unsafe and unseaworthy conditions, ill repair, and that it was unfit for sea voyages.

39. On June 17, 2022, EDWARD MATTIACE and NEW YORK CITY BOAT TOURS, LLC and its officers, servants, agents, and employees and/or other persons for whom plaintiffs were responsible, knowingly, recklessly, willfully, carelessly, and negligently operated the vessel, causing it to collide with MARINE 1 BRAVO.

40. On June 17, 2022, as a result of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE,'s negligent, willful, callous, and reckless conduct in handling, navigating and using the passenger vessel HONCHO and allowing it to get underway in an unseaworthy and unsafe condition, and through each plaintiffs' actions, the HONCHO was caused to collide with the MARINE 1 BRAVO. As a result, claimant suffered severe personal injuries, she suffered negligent infliction of emotional distress, she was in the zone of danger of being killed due the collision of the vessels and as a result suffered great physical and psychological trauma. She suffered from and suffers from severe emotional injury as a result of seeing her husband caused to suffer serious injuries, horrible suffering and untimely traumatic death. Claimant also makes claims for the

losses and damages suffered by her children, and whom were the children of decedent JOHNNY BEERNAERT, Sybren Beernaert, their son and Iense Beernaert, their daughter.

**FIRST CAUSE OF ACTION: NEGLIGENCE AGAINST NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE**

41. Claimant repeats and realleges each and every allegation stated above with the same force and effect as if set forth in their entirety.

42. The injuries to claimant and the death of decedent were not caused or contributed to by any fault or negligence on the part of claimant or claimant's decedent, but were caused by reason of the negligence of the plaintiffs, EDWARD MATTIACE and NEW YORK CITY BOAT TOURS, LLC and, its officers, servants, agents, and employees and/or other persons for whom plaintiffs were and are responsible, and the unseaworthiness of the vessel, referred to above, in that inter alia:

   A. The conduct of the vessel was such that it was operated, controlled, managed and maintained in a careless, reckless, and negligent manner.

   B. The vessel was not safe, staunch, properly equipped, supplied or seaworthy.

   C. Plaintiffs failed to maintain the subject vessel and its equipment and appliances, in a safe and seaworthy condition and the vessel was not reasonably safe or suitable to perform the intended voyage.

   D. The vessel was operated in such a negligent manner as to cause it to collide with another vessel, the MARINE 1 BRAVO. Conditions on the HONCHO and the negligence of its operator caused the damages and injuries aforesaid, and such were done, occasioned and incurred with the privity or knowledge of the plaintiffs

and the corporation's officers, agents, servants or employees.

    F.    Plaintiffs, EDWARD MATTIACE and NEW YORK CITY BOAT TOURS, LLC and its officers, agents, servants, employees, and/or other persons for whom the plaintiffs were and are responsible, failed to take suitable precautions for the safety of the passengers and operators of the boat into which the vessel HONCHO collided. Plaintiffs had actual and constructive notice of the unsafe, dangerous and unseaworthy conditions of the vessel and the negligent operation thereof.

43. Claimant reserves the right to claim against the plaintiffs, and others, for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

44. The faults stated above were done, occasioned, and occurred with the plaintiffs' privity and knowledge

45. By reason of the matters aforesaid, claimant's decedent, Johnny Beernaert, sustained severe and fatal injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, for which in this action recovery may be obtained.

46. Furthermore, the estate is entitled to compensation for Johnny Beernaert's pre-death conscious pain and suffering.

47. By reason of the matters aforesaid, the beneficiaries of Johnny Beernaert's estate were and are deprived of his financial and emotional support and guidance, loss of society and such other elements of damages for his wrongful death to which in this action the beneficiaries and the personal representative of the estate are entitled to claim under the laws of the State of New York and the General Maritime Law.

48. That by the reason of the foregoing, claimant hereby claims monetary damages for the losses suffered by the Estate and Beneficiaries of Johnny Beernaert and claims damages for the conscious pain and suffering of the decedent before his untimely demise, and for the damages caused to the beneficiaries by his wrongful death.

49. Claimant makes claim for her personal injuries, emotional distress and physical and psychological injuries, pecuniary losses and grief, past, present and future.

50. Claimant makes claim for the emotional distress and physical and psychological injuries, pecuniary losses and grief, suffered by Johnny Beernaert's son, Sybren Brent Beernaert and Iense Caro Beernaert, Johnny Beernaert's daughter, past, present and future.

51. This answer is filed herein pursuant to statutes covering limitation of liability proceedings, 46 U.S.C. § 30501 et seq., and claimant reserves all rights, including the right to trial by jury pursuant to the common and general maritime law as permitted in this action in which diversity jurisdiction exists.

WHEREFORE, claimant having fully answered and made claims, prays:

a. That an order be entered herein that plaintiffs are not entitled to exoneration from liability herein;

b. That an order be entered herein that plaintiffs are not entitled to limitation of liability herein;

c. That an order be entered that the occurrence referred to in the complaint happened with the privity and knowledge of the plaintiffs;

d. That an order be entered that the claimant be permitted to pursue the action stated within this claim with trial by jury to recover damages against the plaintiffs for

injuries and losses as aforesaid;

e. That if this Court does not allow the claimant the right of a trial by jury to recover the aforesaid damages, then in such event that this action be stayed and claimant be allowed to assert her claim in the common law courts of the State of New York under the Savings to Suitors Clause within 28 USC § 1333.

f. That an order be entered awarding interest and costs and such other and further relief as in law and justice she may be entitled to receive.

By reason of the foregoing, claimant claims damages in the amount to be assessed by the trier of fact, plus such attorney fees and costs as found appropriate under the circumstances.

Dated: New York, New York  
June 23, 2023

HOFMANN & SCHWEITZER

By: _____  
Paul T. Hofmann (PH1356)  
*Attorneys for Claimant*  
212 West 35th Street, 12th Floor  
New York, N.Y. 10001  
Tel: (212) 465-8840 Fax: 212-465-8849  
paulhofmann@hofmannlawfirm.com