HOFMANN & SCHWEITZER
*Attorneys for Claimant and Third Party Plaintiff*
212 West 35th Street, 12th Floor
New York, New York 10001
Tel: 212-465-8840
paulhofmann@hofmannlawfirm.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------x
IN THE MATTER OF THE PETITION

       OF

NEW YORK CITY BOAT TOURS, LLC and
EDWARD MATTIACE, as Owner of the 36'                  1:22-cv-07383 (NGG)(LB)
uninspected passenger vessel "HONCHO"
bearing Hull Number HEB00069G585, Petitioners

-----------------------------------------------------------------------------x
HEIDI VERMANDEL, INDIVIDUALLY, AND AS THE
PERSONAL REPRESENTATIVE OF THE ESTATE OF
JOHNNY BEERNAERT FOR AND ON BEHALF OF
HERSELF, SYBREN BRENT BEERNAERT AND
IENSE CARO BEERNAERT, WHO ARE THE SURVIVING
HEIRS OF JOHNNY BEERNAERT,

                     Third-Party Plaintiff,     **HEIDI VERMANDEL'S**
                                                         **THIRD-PARTY**
   V.                                                       **COMPLAINT**

THE CITY OF NEW YORK,

                     Third-Party Defendant.
-----------------------------------------------------------------------------x

**JURY TRIAL DEMANDED**

**AS AND FOR A THIRD PARTY CLAIM AGAINST THE CITY OF NEW YORK BY CLAIMANT/THIRD-PARTY PLAINTIFF, HEIDI VERMANDEL**

       HEIDI VERMANDEL, individually and as the Personal Representative of the Estate and Beneficiaries of JOHNNY BEERNAERT, brings the within impleader Third-Party Complaint pursuant to FRCP Rule 14 against the CITY OF NEW YORK as follows:

1. This matter is brought within the admiralty and maritime jurisdiction of the court, and is also brought under the General Maritime Law of the United States as well as through the jurisdiction of 28 U.S.C. § 1332, this being a claim in excess of $75,000 exclusive of costs and interest and it being brought against completely diverse parties.

2. Reference is made to the complaint for exoneration from or limitation of liability and the answer thereto, with counter claims filed by Heidi Vermandel in the proceeding entitled IN THE MATTER OF THE PETITION OF NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as Owner of the 36' uninspected passenger vessel "HONCHO" bearing Hull Number HEB00069G585, 22 CV 7383, in the District Court for the Eastern District of New York.

3. Reference is also made to the answer and claim of HEIDI VERMANDEL INDIVIDUALLY AND AS PERSONAL REPRESENTATIVE OF THE ESTATE AND BENEFICIARIES OF JOHNNY BEERNAERT, All of the allegations, answers and claims asserted by Heidi Vermandel therein are incorporated by reference herein as if fully repeated herein.

4. The claims asserted in this third-party complaint against the City of New York, arise from the same events that led to the filing of the above-referenced limitation of liability action, to wit, the action related to the collision between the vessel HONCHO and the MARINE 1 BRAVO rescue boat on June 14, 2022 with the loss of life of JOHNNY BEERNAERT, and the personal injury of HEIDI VERMANDEL.

5. In her answer and claim, Heidi Vermandel asserts claims for her own personal injuries, her physical, psychological and emotional injuries in seeing her husband Johnny

       Beernaert be injured, suffer and die.  She brings claims for Johnny Beernaert's survival claim for his pre-death conscious pain and suffering. She brings claims on behalf of the beneficiaries of Johnny Beernaert for the damages related to his loss of life and conscious pain and suffering and the loss of support, and society to his beneficiaries including claimant and Johnny Beernaert's son, Sybren Brent Beernaert and Iense Caro Beernaert, Johnny Beernaert's daughter. Claimant asserts claims for any and all other damages allowed by law. She asserts that, in whole or in part the wrongful death of Johnny Beernaert was caused by the actions of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as the owners and operator of the uninspected passenger vessel "HONCHO" and by the City of New York, as owner and operator of the MARINE 1 BRAVO.

6. Third-party plaintiff herein now brings these additional claims for damages including for the survival causes of action and the loss of life of Johnny Beernaert against the City of New York, on the causes of action stated below.

7. Claimant / Third Party Plaintiff repeats and realleges each and every allegation stated in her answer to plaintiffs, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE's complaint with the same force and effect as if set forth in their entirety and further incorporates by reference each of her assertions in her claim against them.

8. Claimant/Third Party Plaintiff makes demand for, and is entitled to a trial by jury pursuant to the diversity jurisdiction described above, 28 U.S.C. § 1332 (a)-(c), and through the "savings to suitors" clause, 28 U.S.C. § 1333 which permits, by statutory authority or through the operation of law, the right to a trial by jury.

**THE PARTIES AND STATEMENT OF RELEVANT FACTS**

9.  On or about June 8, 2023, Heidi Vermandel, who was the lawfully wedded wife of Johnny Beernaert, and also the mother of Johnny Beernaert's son, Sybren Brent Beernaert and Iense Caro Beernaert, Johnny Beernaert's daughter, was duly appointed personal representative and administrator of the Estate of Johnny Beernaert. Ms. Vermandel and her two children are citizens and domiciliaries of Belgium. At the time of his demise on June 17, 2022, claimant's decedent, Johnny Beernaert, was a citizen and resident of Belgium. As a matter of law, Ms. Vermandel is entitled to bring these claims against petitioners for her own personal injuries, for the emotional and psychological injuries suffered by Johnny Beernaert's children and for the survival and wrongful death claims asserted herein.

10. At all relevant times, and in particular on June 17, 2022, Claimant/Third Party Plaintiff Heidi Vermandel and claimant's decedent, Johnny Beernaert, were aboard the vessel the MARINE 1 BRAVO, which then was owned and operated by the CITY OF NEW YORK, and upon information and belief, continues to be owned and operated by the City of New York, as invited passengers of employee(s), servant(s) or agent(s) of the City of New York's Fire Department (FDNY).

11. At all times material hereto the City of New York was the owner and operator of the MARINE 1 BRAVO.

12. Prior to, and on June 17, 2022, plaintiffs, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, owned and operated the passenger vessel HONCHO.

13. The vessel HONCHO was a 36' passenger vessel outfitted to take passengers on tours of

New York City.

14. On June 17, 2022 the MARINE 1 BRAVO was a FDNY 31' rigid hull rescue vessel capable of, and being put to the use of being a passenger vessel. At the time of the incident on June 17, 2022, the vessel was being put to the use as a passenger vessel, which led to claimant's injury and the death of her husband, Johnny Beernaert.

15. On June 17, 2022, the vessel HONCHO collided with the New York City Fire Department rescue vessel MARINE 1 BRAVO in the East River of New York.

16. Onboard the vessel MARINE BRAVO 1 at the time of the collision were claimant / Third Party Plaintiff Heidi Vermandel, and claimant's decedent, Johnny Beernaert, both as passengers and guests of the FDNY.

17. The fateful voyage began in the evening of June 17, 2022 starting in the East River of New York at approximately 10:00 p.m.

18. Prior to, and on June 17, 2022, the passenger vessel MARINE 1 BRAVO was unfit for its intended voyage, in ill repair, unsafe and unseaworthy, improperly manned and otherwise was unfit for voyaging that evening.

19. Prior to, and on June 17, 2022, plaintiff, NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, its officers, servants, agents, and employees and/or other persons, were aware of and had full knowledge, or should have been aware and should have had full knowledge, of the HONCHO's unsafe and unseaworthy conditions, ill repair, insufficient manning and that it was unfit for sea voyages.

20. On June 17, 2022, the City of New York, by its officers, servants, agents, and employees and/or other persons for whom third-party defendant was responsible, knowingly,

5

recklessly, willfully, carelessly, and negligently operated the vessel MARINE 1 BRAVO, causing it to collide with the HONCHO.

21. On June 17, 2022, as a result of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE,'s negligent, willful, callous, and reckless conduct in handling, navigating and using the passenger vessel HONCHO, and allowing it to get underway in an unseaworthy and unsafe condition, and through their actions caused the HONCHO to collide with the MARINE 1 BRAVO. As a result, claimant suffered severe personal injuries, she suffered negligent infliction of emotional distress, she was in the zone of danger of being killed due the collision of the vessels and as a result suffered great physical and psychological trauma and pecuniary loss.. She suffered from and suffers from severe emotional injury as a result of seeing her husband caused to suffer serious injuries, horrible suffering and untimely traumatic death. Her children Sybren Brent Beernaert and Iense Caro Beernaert have suffered severe emotional and psychological injury, pecuniary losses and grief.

22. On June 17, 2022, as a result of the CITY OF NEW YORK's negligent, willful, callous, and reckless conduct in handling, navigating and using the vessel MARINE 1 BRAVO and allowing it to get underway in an unseaworthy and unsafe condition, and through their actions caused the HONCHO and the MARINE 1 BRAVO to collide. As a result, claimant /Third Party Plaintiff suffered severe personal injuries, she suffered negligent infliction of emotional distress, she was in the zone of danger of being killed due the collision of the vessels and as a result suffered great physical and psychological trauma. She suffered from and suffers from severe emotional injury as a result of seeing her

husband caused to suffer serious injuries, horrible suffering and untimely traumatic death. Her and Johnny Beernaert's children, Sybren Brent Beernaert and Iense Caro Beernaert, have suffered severe emotional and psychological injury, pecuniary loss and grief, and will do so into the future. Proofs of losses of all three will be provided at trial.

**CAUSE OF ACTION: NEGLIGENCE AGAINST CITY OF NEW YORK**

23. Claimant/Third Party Plaintiff repeats and realleges each and every allegation stated above with the same force and effect as if set forth in their entirety.

24. The injuries to and death of Claimant's decedent were not caused or contributed to by any fault or negligence on the part of Claimant-Third-Party Plaintiff, or Claimant's decedent, but were caused by reason of the negligence of EDWARD MATTIACE, NEW YORK CITY BOAT TOURS, LLC and the CITY OF NEW YORK, jointly and severally, through their respective officers, servants, agents, and employees and/or other persons for whom they were and are responsible, and the unseaworthiness of the vessels HONCHO and MARINE 1 BRAVO, referred to above, in that inter alia:

   A. The conduct of the vessels HONCHO and MARINE 1 BRAVO (the "vessels") were such that they were operated, controlled, managed and maintained in a careless, reckless, and negligent manner.

   B. The vessels were not safe, staunch, properly equipped, supplied or seaworthy.

   C. Limitation Plaintiffs and the City of New York failed to maintain the subject vessels and their equipment and appliances in a safe and seaworthy condition and the vessels were not reasonably safe or suitable to perform the intended voyages upon which they embarked.

    D.    The vessels were operated in such a negligent manner as to cause them to collide with one another causing the damages and injuries aforesaid, and such were done, occasioned and incurred with the privity or knowledge of the limitation plaintiffs and the City of New York, through its officers, agents, servants or employees.

    F.    Limitation Plaintiffs, EDWARD MATTIACE and NEW YORK CITY BOAT TOURS, LLC, its officers, agents, servants, employees, and/or other persons for whom the plaintiffs were and are responsible, and the CITY OF NEW YORK, failed to take suitable precautions for the safety of the passengers on the vessel MARINE 1 BRAVO. Limitation Plaintiffs and the CITY OF NEW YORK had actual and constructive notice of the unsafe, dangerous and unseaworthy conditions of the vessel and the negligent operation thereof.

25. Claimant and Third Party Plaintiff HEIDI VERMANDEL reserves the right to claim against the limitation plaintiffs and the City of New York, and others, for such other and further and different faults, negligence, and unseaworthiness as the evidence may disclose.

26. The faults stated above were done, occasioned, and occurred with the limitation plaintiffs' and the City of New York's privity and knowledge

27. By reason of the matters aforesaid, claimant's decedent, Johnny Beernaert, sustained severe and fatal injuries, and experienced pain, anxiety, shock, and physical and mental and emotional suffering, for which in this action recovery may be obtained.

28. Furthermore, the estate is entitled to compensation for Johnny Beernaiert's pre-death conscious pain and suffering.

29. By reason of the matters aforesaid, the beneficiaries of Johnny Beernaertt's estate were and are deprived of his financial and emotional support and guidance, loss of society and such other elements of damages for his wrongful death to which in this action the beneficiaries and the personal representative of the estate are entitled to claim under the laws of the State of New York and the General Maritime Law.

30. That by the reason of the foregoing, claimant/Third-Party Plaintiff hereby claims monetary damages for the losses suffered by the Estate and Beneficiaries of Johnny Beernaert and claims damages for the conscious pain and suffering of the decedent before his untimely demise, and for the damages caused to the beneficiaries by his wrongful death, and for her own physical, emotional and psychological injuries, pecuniary losses including grief; and those pecuniary losses, emotional and psychological injuries, including grief, suffered by Sybren Brent Beernaert and Iense Caro Beernaert.

WHEREFORE, claimant and Third-Party Plaintiff Heidi Vermandel prays that judgment be entered against the limitation petitioners and the third party defendant on the within causes of action, and for such other and further relief, including interest, attorneys fees and punitive damages, if warranted.

Dated: New York, New York         HOFMANN & SCHWEITZER
       June 23, 2023

By:_____
    Paul T. Hofmann (PH1356)
    *Attorneys for Claimant and*
    *Third-Party Plaintiff Heidi Vermandel*
    212 West 35th Street, 12th Floor
    New York, N.Y. 10001
    Tel: (212) 465-8840 Fax: 212-465-8849
    paulhofmann@hofmannlawfirm.com