286-22/WDM-DJF
FREEHILL, HOGAN & MAHAR LLP
*Attorneys for Claimant*
*The City of New York, as*
*Owner and Operator of the MARINE 1 BRAVO*
80 Pine Street -25th Floor
New York, New York  10005
Telephone: 212-425-1900 Fax: 212-425-1901
Wayne D. Meehan, Esq.
Daniel J. Fitzgerald, Esq.
Meehan@freehill.com
Fitzgerald@freehill.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

IN THE MATTER OF THE PETITION

       OF

NEW YORK CITY BOAT TOURS, LLC and
EDWARD MATTIACE, as Owner of the 36'
uninspected passenger vessel "HONCHO" bearing
Hull Number HEB00069G585, Petitioners.

-------------------------------------------------------------------x

1:22-cv-07383 (NGG)(LB)

ANSWER AND CLAIM OF
THE CITY OF NEW YORK
AS OWNER AND
OPERATOR OF THE
<u>MARINE 1 BRAVO</u>

      THE CITY OF NEW YORK as Owner and Operator of the MARINE 1 BRAVO (hereinafter "Claimant") by and through their attorneys, FREEHILL HOGAN & MAHAR LLP, in answer to the Complaint of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE as Owner of the 36' uninspected passenger vessel "HONCHO" bearing Hull Number HEB00069G585, for Exoneration from or Limitation of Liability (hereinafter "Petitioners"), state upon information and belief, as follows:

      1.     The statements contained in Paragraph 1 of the Petition for Limitation or Exoneration from Liability ("Petition") are legal conclusions that do not require a response.

      2.     Claimant admits the allegation continued in paragraph 2 of the Petition regarding venue.

595331.1

## ALLEGATIONS RELATED TO THE PARTIES

3. Claimant denies knowledge and information sufficient to form a belief as to all of the allegations contained in paragraph 3 of the Petition.

4. Claimant denies knowledge and information sufficient to form a belief as to all of the allegations contained in paragraph 4 of the Petition.

5. Claimant admits that petitioner anticipated the claims asserted herein.

6. Claimant admits that petitioner anticipated the claims asserted by the Estate of Johnny Beernaert.

## ALLEGATIONS IN THE LIMITATION OF LIABILITY PETITION

7. Claimant denies the allegations contained in paragraph 7 of the Petition.

8. Claimant admits that the East River is a navigable body of water and within this Court's admiralty and maritime jurisdiction, and subject to the Inland Rules of Navigation, as stated in paragraph 8 of the Petition.

9. Claimant admits that Petitioner Edward Mattiace was on the Vessel at approximately 10:00 p.m. on June 17, 2022, but denies all other allegations contained in paragraph 9 of the Petition.

10. Claimant admits that the MARINE 1 BRAVO is a 31 foot rigid hull inflatable vessel which was operating in the East River with five individuals onboard, including Johnny Beernaert, but except as so specifically admitted, denies the remaining allegations contained in paragraph 10 of the Petition.

11. Claimant denies the allegations contained in paragraph 11 of the Petition.

12. Claimant denies the allegations contained in paragraph 12 of the Petition.

13. Claimant admits that Johnny Beernaert was fatally injured, but denies knowledge or information sufficient to form a belief as to all other allegations contained in the same.

14. Claimant denies all allegations contained in Paragraph 14 of the Petition.

15. Claimant denies all allegations contained in paragraph 15 of the Petition.

16. Claimant admits that, as to the allegations contained in paragraph 16 of the Petition, the Estate of Johnny Beernaert and the City of New York have filed claims in response to the Petition seeking damages, but denies all other allegations therein.

17. Claimant denies knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17 of the Petition.

18. The allegations set forth in paragraph 18 of the Petition are pleas to the court which do not require an answer. Claimant denies that Petitioner has defenses and denies that Petitioner is entitled to limitation of liability.

19. The allegations set forth in paragraph 19 of the Petition do not call for a response, but Claimant denies Petitioner's entitlement to limitation.

## FIRST AFFIRMATIVE DEFENSE

20. Claimant asserts that Petitioners are not entitled to the benefits of exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 30505 and 30511, and the various supplementary statutes thereto and amendatory thereof, because the following faults or acts of negligence, inter alia, all occurred within the imputed privity and knowledge of the Petitioners: (1) failure to observe applicable collision regulations, prudent seamanship and ordinary care in the navigation and operation of the HONCHO; (2) failure to provide for a properly equipped vessel; (3) failure to provide for a properly manned vessel; (4) failure to provide properly trained and adequate crew for the HONCHO; (5) failure to instruct the operator of the HONCHO to comply with the Inland

Rules of the Road; (6) failure to require proper monitoring, and supervision concerning the operation of the HONCHO; (7) failure to have proper operating procedures in place and a system in place to ensure compliance; and (8) other negligent acts or omissions within the Limitation Plaintiffs' privity or knowledge leading to the aforesaid incident on or about June 17, 2022.

## SECOND AFFIRMATIVE DEFENSE

21.     The damages referred to herein made by the Claimant were not caused or contributed to in any manner by Claimant.

## THIRD AFFIRMATIVE DEFENSE

22.     The Complaint fails to state a claim or cause of action upon which relief can be granted.

## FOURTH AFFIRMATIVE DEFENSE

23.     Claimant avers that the Ad Interim Stipulation for Value in the Form of a Letter of Undertaking filed with the Petitioners' Complaint herein is improper and inadequate security and Claimant reserve the right to seek an approved form of security pursuant to Supplemental Admiralty Rule F(l), including but not limited to, a cash deposit in the registry of this Honorable Court or appropriate bond. Claimant reserves the right to seek an increase in the amount of security provided.

## FIFTH AFFIRMATIVE DEFENSE

24.     Prior to, and at all times referenced in the Complaint, the Petitioner, as owner and/or operator of the HONCHO, failed to exercise due diligence to make and maintain the HONCHO in all respects seaworthy; and said vessel was not in fact tight, staunch, strong and properly or competently manned, equipped and supplied, and was not seaworthy, not fit and proper for the service in which it was engaged.

**SIXTH AFFIRMATIVE DEFENSE**

25. That the alleged vessel collision and any and all injuries resulting therefrom were occasioned and incurred without the privity or knowledge of answering Claimant, or by any other failure, breach or negligence of claimant and this claimant is entitled to exoneration from or limitation of liability pursuant to *inter alia* 14 U.S.C. § 30501, et seq., and Rule F of the Supplemental Admiralty Rules, and the Local Admiralty Rules of this District.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Petitioners New York City Boat Tours, LLC, and Edward Mattiace, as owner, and/or operator of the HONCHO, are not entitled to either Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30501, et seq., or the various supplementary statutes thereto, for any and all damage, loss and/or injury caused by this alleged incident, or done, occasioned or incurred on the aforesaid voyage on which the said alleged incident occurred, because the negligence and/or the unseaworthy condition(s) of the HONCHO causing the death of Johnny Beernaert, were all within the privity and knowledge of Petitioners.

**EIGHTH AFFIRMATIVE DEFENSE**

27. The aforesaid occurrence was the result of the negligence of Petitioners in its capacity as owner and/or operator of the HONCHO, and was the result of violations of applicable federal, safety, and operating regulations and/or statutes by the Petitioners.

**NINTH AFFIRMATIVE DEFENSE**

28. The injuries and/or damages referred to in Petitioners' Complaint were caused or contributed to by the negligence of the Petitioners in its capacity as owner and/or operator of the HONCHO.

**TENTH AFFIRMATIVE DEFENSE**

29.     Claimant incorporates herein by reference all of its Claims filed below with respect to the Petition for Exoneration from or Limitation of Liability.

**CLAIMS IN LIMITATION**

30.     This is a case of admiralty and maritime jurisdiction within the meaning of 28 U.S.C. §13331(1), Rule 9(h) of the Federal Rules of Procedure, and Rule F of the supplemental Rules for certain Admiralty and Maritime Claims, as hereinafter more fully appears.

31.     At all times mentioned herein, Claimant was and remains (a) a municipality under the laws of The State of New York; and (b) the owner and operator of the MARINE 1 BRAVO (hereinafter referred to as the "Bravo").

32.     The Bravo is a 31-foot vessel with the following particulars: 600 Horsepower, and 14,300 lbs. of tonnage. The Bravo is currently within this district and within the jurisdiction of this Court.

33.     Prior to and all times hereinafter described, Claimant exercised due diligence to make and maintain the Bravo in all respects seaworthy, and the vessel was, in fact, tight, staunch, strong, and fully and properly manned, equipped and supplied, and in all respects fit and proper for the service which she was engaged at the time of the collision described herein.

34.     On or about June 17, 2022, Petitioners and their agents and/or employees were negligent and its vessel, the HONCHO, was unseaworthy such as in it being negligently operated upon the navigable waters of the United States, failing to observe U.S. Coast Guard Navigation Rules, frustrating the navigation of the Claimant's Vessel, etc., resulting in a collision.

595331.1

35. If any loss, injury or damage resulted from the alleged incident, same was a result of acts and/or omissions of Petitioners, their agents and/or employees, and or the HONCHO, for whose conduct Claimant is not responsible.

36. If any verdict or judgment is recovered against Claimant for any loss, injuries and/or damages as alleged in Petitioners' Complaint or otherwise, such loss, injuries and/or damages were not the result of any negligent act or omission by Claimant, but were caused in whole or in part by reason of negligence, breaches, and/or culpable conduct of Petitioners, their agents and/or employees, and/or others, and Claimant is therefore entitled to dismissal or reduction by contribution or otherwise, of any recovery had by any party, in proportion to the culpable conduct attributable to Petitioner, their agents and/or employees, and/or others.

37. By reason of the foregoing, if any verdict or judgment is recovered against Claimant, Claimant demands contribution or indemnification from Petitioners, and/or others.

38. By reason of the foregoing, if any verdict or judgment is recovered against Claimant, Claimant requests judgment over and against and to be indemnified by Petitioners, its agents and/or employees, and/or others, for the entire amount of any such verdict or judgment recovered against Claimant, as well as costs and attorney's fees in defending the action on behalf of Claimant.

39. By reason of the negligent acts, conduct, and omissions of Petitioners, its agents and/or employees, Claimant and/or its insurers as its interests may appear claim any and all damages to the Bravo in an amount to be determined.

**WHEREFORE**, Claimant, the City of New York, demands:

a. Judgment in its favor, denying the Petition for Exoneration from or Limitation of Liability of Petitioners, and dismissing Petitioners' proceeding with prejudice.

7

595331.1

 b. That judgment be entered in favor of Claimant, the City of New York, and against Petitioners, for any and all loss, injuries and/or damages, if any, of any claimant, as may be finally determined by this Court;

 c. The Claimant, the City of New York, be awarded full indemnity or contribution from Petitioners, for any and all verdicts or judgments against Claimant arising out of the alleged incident;

 d. That Claimant, the City of New York, be awarded an amount, to be determined, for damage to the Bravo, with interest thereon;

 e. That Claimant, the City of New York, be awarded costs and reasonable attorneys' fees; and

 f. That this Court grant such other and further relief as may be just and proper.

Date: New York, New York
    July 7, 2023

             FREEHILL HOGAN & MAHAR LLP
             *Attorneys for Claimant*
             *The City of New York, as Owner and Operator*
             *of the Marine 1 Bravo*

      By: _____
             Wayne D. Meehan
             Daniel J. Fitzgerald
             80 Pine Street 25th Floor
             New York, New York 10005
             (T): 973.623.5514 | (F): 973.623.3813
             Meehan@freehill.com
             Fitzgerald@freehill.com

595331.1

TO:    John J. Hession, Esq.
        Guerric Russell, Esq.
        Nicoletti, Hornig & Sweeney
        *Attorneys for New York City Boat Tours, LLC*
        *and Petitioner Edward Mattiace*
        Wall Street Plaza-88 Pine Street
        New York, New York 10005
        Jhession@nicolettihornig.com
        grussell@nicolettihornig.com

        Paul T. Hofmann, Esq.
        Hofmann & Schweitzer
        *Attorneys for Estate of Johnny Beernaert*
        212 West 35th Street
        New York, New York 10001
        paulhofmann@hofmannlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN THE MATTER OF THE PETITION　　　　　　　1:22-cv-07383 (NGG)(LB)

OF　　　　　　　　　　　　　　　　　　　　　　**AFFIDAVIT OF SERVICE**

NEW YORK CITY BOAT TOURS, LLC and
EDWARD MATTIACE, as Owner of the 36'
uninspected passenger vessel "HONCHO" bearing
Hull Number HEB00069G585, Petitioners.
---------------------------------------------------------------x

STATE OF NEW YORK　　）
　　　　　　　　　　　　: ss:
COUNTY OF NEW YORK　）

　　　I, Annette Carrubba, being duly sworn, depose and say that I am not a party to the within action, am over 18 years of age and have an office and place of business at 80 Pine Street, New York, New York 10005.

　　　On July 7, 2023, I served a true and correct copy of the within **Answer and Claim of The City of New York as Owner and Operator of the Marine 1 Bravo** upon:

John J. Hession, Esq.
Guerric Russell, Esq.
Nicoletti, Hornig & Sweeney
*Attorneys for New York City Boat Tours, LLC
and Petitioner Edward Mattiace*
Wall Street Plaza-88 Pine Street
New York, New York 10005
Jhession@nicoletihornig.com
grussell@nicolettihornig.com

Paul T. Hofmann, Esq.
Hofmann & Schweitzer
*Attorneys for Estate of Johnny Beernaert*
212 West 35th Street
New York, New York 10001
paulhofmann@hofmannlaw.com

Via ECF and to the address(es) designated by said attorneys for the purpose of depositing a true copy in a pre-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Annette Carrubba

Sworn to before me on this
7th day of July 2023.

_____
Notary Public

**SHARI GUZMAN**
Notary Public - State of New York
No. 01GU0010346
Qualified in Queens County
My Commission Expires 06/27/2027

10

595331.1