# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

IN THE MATTER OF THE PETITION

OF

NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as Owner of the 36' uninspected passenger vessel "HONCHO" bearing Hull Number HEB00069G585, Petitioners

1:22-cv-07383 (NGG)(LB)

**REPLY TO CLAIMS OF THOMAS WALLER AND TARA WALLER WITH COUNTERCLAIM**

Petitioners, New York City Boat Tours, LLC and Edward Mattiace, upon information and belief, Reply to the Claim of Thomas Waller and Tara Waller as follows:

## RESPONSE TO FIRST CAUSE OF ACTION

1. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "FIRST" of the Claim.

2. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "SECOND" of the Claim.

3. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "THIRD" of the Claim.

4. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "FOURTH" of the Claim.

5. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "FIFTH" of the Claim.

6. Deny the allegations contained in Paragraph "SIXTH" of the Claim.

7. Deny the allegations contained in Paragraph "SEVENTH" of the Claim.

8. Deny the allegations contained in Paragraph "EIGHTH" of the Claim; and further states that at all relevant times, Petitioners New York City Boat Tours, LLC and Edward Mattiace were/are owners of the vessel HONCHO.

9. Admit the allegations contained in Paragraph "NINTH."

10. Admit only that at the time of the subject collision between the vessels HONCHO and MARINE 1, Petitioner Edward Mattiace was operating the vessel HONCHO; and except as to those facts specifically admitted, denies the remaining allegations contained in Paragraph "TENTH" of the Claim.

11. Deny the allegations contained in Paragraph "ELEVENTH" of the Claim.

12. Deny the allegations contained in Paragraph "TWELFTH" of the Claim.

13. Deny the allegations contained in Paragraph "THIRTEENTH" of the Claim.

14. Deny the allegations contained in Paragraph "FOURTEENTH" of the Claim.

15. Deny the allegations contained in Paragraph "FIFTEENTH" of the Claim.

16. Deny the allegations contained in Paragraph "SIXTEENTH" of the Claim.

17. Deny the allegations contained in Paragraph "SEVENTEENTH" of the Claim.

18. Deny the allegations contained in Paragraph "EIGHTEENTH" of the Claim.

19. Deny the allegations contained in Paragraph "NINETEENTH" of the Claim.

20. Deny the allegations contained in Paragraph "TWENTIETH" of the Claim.

## RESPONSE TO SECOND CAUSE OF ACTION

21. Repeat and reallege each and every response stated in Paragraph "FIRST" through "TWENTIETH" of the Claim as if set forth herein at length.

22. Deny knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "TWENTY-TWO" of the Claim.

23. Deny the allegations contained in Paragraph "TWENTY-THREE" of the Claim.

24. Deny the allegations contained in Paragraph "TWENTY-FOUR" of the Claim.

**FIRST AFFIRMATIVE DEFENSE**

25. The damages referred to herein made by the Claimants were not caused or contributed to in any manner by Petitioners.

**SECOND AFFIRMATIVE DEFENSE**

26. The Claim fails to state a claim or cause of action upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

27. Petitioners aver that the Ad Interim Stipulation for Value in the Form of a Letter of Undertaking filed with the Petitioners' Complaint herein is proper and adequate security and no increase in the amount of security is required or warranted.

**FOURTH AFFIRMATIVE DEFENSE**

28. Prior to, and all times referenced in the Claim, Claimant Thomas Waller failed to exercise due diligence to make and maintain the "MARINE 1 BRAVO" in all respects seaworthy; and said vessel was not in fact tight, staunch, strong and properly or completely manned, equipped and supplied, and was not seaworthy, not fit and proper for the service in which it was engaged.

**FIFTH AFFIRMATIVE DEFENSE**

29. That the alleged vessel collision and any and all injuries resulting therefrom were occasioned and incurred without the privity or knowledge of Petitioners, or by any other failure, breach or negligence of Petitioners and the Petitioners are entitled to exoneration from or limitation of liability pursuant to *inter alia* 14 U.S.C. § 30501, *et seq.*, and Rule F of the Supplemental Admiralty Rules, and the Local Admiralty Rules of this District.

## SIXTH AFFIRMATIVE DEFENSE

30. The aforesaid occurrence was the result of the negligence of Claimant Thomas Waller in its capacity as owner and/or operator of the "MARINE 1 BRAVO," and was the result of violations of applicable federal, safety, and operating regulations and/or statutes by the Claimant.

## SEVENTH AFFIRMATIVE DEFENSE

31. The injuries and/or damages referred to in the Claim were caused or contributed to by the negligence of the Claimants in their capacity as owner and/or operator of the "MARINE 1 BRAVO."

## AS AND FOR A COUNTERCLAIM AGAINST CLAIMANT THOMAS WALLER

Petitioners, New York City Boat Tours, Inc. and Edward Mattiace, by and through their counsel, pursuant to Supplemental Admiralty Rule F(5) of the Federal Rules of Civil Procedure, hereby makes the following Counterclaim upon information and belief as follows:

32. Petitioners incorporate herein by reference all of their responses and defenses in paragraphs "1" through "31" herein as if set forth at length.

33. At all material times, Petitioners were the owner of a 36 foot uninspected passenger vessel "HONCHO" bearing Hull Number HEB00069G585.

34. That on June 17, 2022, the Petitioners were operating their vessel in a lawful and reasonable manner in the East River with six (6) passengers aboard in the vicinity of Brooklyn Bridge Park Pier 2.

35. During this same time, Claimant Thomas Waller was operating the vessel "MARINE 1 BRAVO," a 31 foot right hull inflatable vessel, in a dangerous and unsafe manner and at a high rate of speed, without utilizing all available navigation equipment to avoid a collision; without the proper

lighting being displayed aboard this emergency response vessel; with four civilian passengers aboard; without proper permission and authority being granted to Claimant and the FDNY to take out civilians on a "harbor tour;" without a proper crew; and was negligent in the operation of said vessel by traveling at a high rate of speed, failing to keep a proper lookout, failing to give way to the vessel being operated by Petitioner, which had the right of way over the "MARINE 1 BRAVO" vessel under the Inland Rules of Navigation; and by reason of other acts or omission currently unknown to Petitioners.

36. As a result of the above-described occurrence, the Petitioners' vessel sustained physical damage and Petitioners suffered economic damages for loss of use of the vessel in an amount that has not yet been determined and for which Claimant Thomas Waller is liable.

37. If any verdict or judgment is recovered against Petitioners, it was due to the negligence, recklessness, gross negligence or other wrongful conduct of Claimant Thomas Waller. Accordingly, Petitioners also demand contribution and/or indemnification from Claimant Thomas Waller for the entire amount of any such verdict or judgment recovered against Petitioners.

**WHEREFORE,** Petitioners pray that this Honorable Court:

1. Adjudge and decree that the Petitioners are not liable to any extent, for any loss, damage, injury or death, or for any claim therefore in any way arising out of the aforesaid incident;

2. That if the Petitioners should be adjudged liable to any extent, then such liability should be limited to the amount or value of the Petitioners' vessel immediately following said incident, and that the Petitioners be discharged therefrom upon the surrender of said value and that the money surrendered, paid or secured to be paid as aforesaid, be divided pro rata according to the pertinent federal statutes among such Claimants as may duly prove their claims in accordance with the aforesaid provisions, saving to all parties any priorities to which they may legally be entitled and

that a decree may be entered discharging the Petitioners and the Petitioners' vessel from all further liability;

       3.      That Petitioners be awarded full indemnity or contribution from Claimant Thomas Waller for any and all verdicts or judgments against Petitioners arising out of this incident;

       4.      That Petitioners be awarded damages pursuant to their Counterclaims; and

       5.      That Petitioners may have such other, further and different relief as may be just and proper.

Dated: New York, New York
       July 28, 2023

                        NICOLETTI HORNIG & SWEENEY
                        *Attorneys for Petitioners*
                        *New York City Boat Tours, LLC and*
                        *Edward Mattiace*

                        By:    /s/ Guerric S.D.L. Russell
                               Guerric S. Russell
                               88 Pine Street, 7th Floor
                               New York, New York 10005-1801
                               Tel:  212-220-3830
                               Fax: 212-220-3780
                               Email: grussell@nicolettihornig.com
                               Our File No.: 10000720 GSR/JJH

**TO: ALL PARTIES VIA ECF**