**286-22/WDM-DJF**
FREEHILL, HOGAN & MAHAR LLP
*Attorneys for Answering Defendant*
*The City of New York, as*
*Owner and Operator of the MARINE 1 BRAVO*
80 Pine Street -25th Floor
New York, New York 10005
Telephone: 212-425-1900 Fax: 212-425-1901
Wayne D. Meehan, Esq.
Daniel J. Fitzgerald, Esq.
Meehan@freehill.com
Fitzgerald@freehill.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
IN THE MATTER OF THE PETITION

OF

NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as Owner of the 36' uninspected passenger vessel "HONCHO" bearing Hull Number HEB00069G585, Petitioners.
----------------------------------------------------------------------x

**1:22-cv-07383 (NGG)(LB)**

HEIDI VERMANDEL, INDIVIDUALLY, AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHNNY BEERNAERT FOR AND ON BEHALF OF HERSELF, SYBREN BRENT BEERNAERT AND IENSE CARO BEERNAERT, WHO ARE THE SURVIVING HEIRS OF JOHNNY BEERNAERT,

Third-Party Plaintiff,

V.

THE CITY OF NEW YORK,

Third-Party Defendant.
----------------------------------------------------------------------x

**THIRD-PARTY DEFENDANT'S ANSWER TO THIRD-PARTY COMPLAINT**

Third-Party Answering Defendant, THE CITY OF NEW YORK as Owner and Operator of the MARINE 1 BRAVO (hereinafter "Answering Defendant") by and through their attorneys,

FREEHILL HOGAN & MAHAR LLP, in answer to the Third Party Complaint alleges upon information and belief, as follows:

1. The allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent a response is required, Petitioners admit that the Court had jurisdiction over this matter based on maritime jurisdiction under 28 U.S.C. § 1333, but deny that there is complete diversity of citizenship under 28 U.S.C. § 1332 and deny that Third-Party Plaintiffs have a right to a trial by jury.

2. The allegations contained in paragraph 2 of the Complaint do not require a response.

3. The allegations asserted in paragraph 3 of the Complaint do not require a response.

4. Answering Defendant denies the allegations contained in paragraph 4 of the Complaint.

5. Answering Defendant admits that, Third-Party Plaintiff has asserted claims and the wrongful death of Johnny Beernaert was caused by the actions of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as the owners and operator of the uninspected passenger vessel "HONCHO", but denies all other allegations contained in paragraph 5 of the Complaint.

6. The allegations set forth in paragraph 6 of the Complaint are pleas or legal conclusions to the court which do not require an answer and are denied as being unwarranted.

7. The allegations set forth in paragraph 7 of the Complaint are pleas or legal conclusions to the court which do not require an answer and are denied as being unwarranted.

8. The allegations set forth in paragraph 8 of the Complaint are pleas or legal conclusions to the court which do not require an answer and are denied as being unwarranted.

## THE PARTIES AND STATEMENT OF FACTS

9. Answering Defendant denies knowledge or information sufficient to form a belief as to all of the allegations contained in paragraph 9 of the Complaint.

10. Answering Defendant admits only that Third-Party Plaintiff and her decedent and spouse, Johnny Beernaert, were aboard the MARINE 1 BRAVO on June 17, 2022, and except as those facts admitted, deny the remaining allegations contained in paragraph 10 of the Complaint.

11. Answering Defendant admits the allegations contained in paragraph 11 of the Complaint.

12. Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14. Answering Defendant denies the allegations contained in paragraph 14.

15. Answering Defendant admits the allegations contained in paragraph 15.

16. Answering Defendant admits that Third-Party Plaintiff and her decedent and spouse, Johnny Beernaert, were aboard the MARINE 1 BRAVO at the time of the collision, but denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Answering Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17 of the Complaint.

18. Answering Defendant denies the allegations contained in paragraph 18 of the Complaint.

19. Answering Defendant admits the allegations contained in paragraph 19 of the Complaint.

20. Answering Defendant denies the allegations contained in paragraph 20 of the Complaint.

21. Answering Defendant admits that as a result of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE’s negligent, willful, callous, and reckless conduct in handling,

navigating and using the passenger vessel HONCHO, and allowing it to get underway in an unseaworthy and unsafe condition, and through their actions caused the HONCHO to collide with the MARINE 1 BRAVO, but denies all other allegations set forth in paragraph 21 of the Complaint.

22. Answering Defendant denies the allegations contained in paragraph 22 of the Complaint.

**ALLEGATIONS OF NEGLIGENCE AGAINST ANSWERING DEFENDANT**

23. Answering Defendants repeat and reallege each response contained in paragraphs 1 through 22 of the Complaint as if set forth again at length.

24. Answering Defendant admits that the death of Johnny Beernaert was caused by reason of negligence of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE as owner and operator of the vessel HONCHO, but denies all other allegations contained in paragraph 24 of the Complaint as they relate to the MARINE 1 BRAVO and the Answering Defendant.

25. The allegations contained in paragraph 25 of the Complaint are pleas or legal conclusions to the court which do not require an answer and are denied as being unwarranted.

26. Answering Defendant admits that the faults stated were done with the privity and knowledge of NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE but denies the remaining allegations contained in paragraph 26 of the complaint as they relate to the MARINE 1 BRAVO and the Answering Defendant.

27. Answering Defendant admits that Johnny Beernaert sustained fatal injuries but denies the remaining allegations contained in paragraph 27 of the complaint.

28. Answering Defendant denies the allegations contained in paragraph 28 of the complaint.

29. Answering Defendant denies the allegations contained in paragraph 29 of the complaint.

30. Answering Defendant denies the allegations contained in paragraph 30 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

31. The alleged injuries sustained or suffered by plaintiff or decedent at the time and place or on the occasion mentioned in the Complaint were caused in whole or in part, were contributed to, buy the negligence of fault or want of care of plaintiff and or New York City Boat Tours, LLC, and EDWARD MATTIACE, and not be any negligence or fault or want on the part of the Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

32. Defendant's claim all defenses available under state and federal law, statutes and regulations.

**THIRD AFFIRMATIVE DEFENSE**

33. That at all times material to Third-Party Plaintiff's complaint, Third-Party Plaintiff's decedent, and spouse, Johnny Beernaert, did voluntarily and with full knowledge of the risks involved, engage in the activities described in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

34. Third-Party Plaintiff 's injury, if any, was not due to any negligence of Answering Defendant. In the alternative, however, if any such grounds of liability are found, then Third-Party Plaintiff was guilty of contributory negligence proximately causing his injury.

**FIFTH AFFIRMATIVE DEFENSE**

35. The aforesaid occurrences and the resultant alleged injury to the Plaintiff were not caused or contributed to by any negligence on the part of the MARINE 1 BRAVO, or any negligence on

the part of Answering Defendant, or any negligence on the part of anyone for whom Answering Defendant may be responsible.

**SIXTH AFFIRMATIVE DEFENSE**

36. Answering Defendant denies that it committed any negligence or that any negligence that it allegedly committed was a proximate cause of Third-Party Plaintiff's alleged injuries. If the Court finds that Answering Defendant committed any negligence, Third-Party Plaintiff's recovery would be defeated or reduced by the negligence committed by Third-Party Plaintiff.

**SEVENTH AFFIRMATIVE DEFENSE**

37. Third-Party Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

38. Any alleged injuries, conditions, losses or damage sustained by Third-Party Plaintiff, as set forth in their Complaint, were not sustained as a result of any act or failure to act on the part of Defendant.

**NINTH AFFIRMATIVE DEFENSE**

39. The incident alleged in Third-Party Plaintiff's Complaint occurred without the fault, privity or knowledge of the Defendant, and the amount of damages, if any, may exceed the value of Defendant's interest in the MARINE 1 BRAVO, and was caused by NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE's negligence. Answering Defendant is therefore entitled to exoneration from, or limitation of liability, to the value of the MARINE 1 BRAVO, pursuant to the Limitation of Liability Act of 1851, 46 U.S.C. § 3051, et seq., as amended.

**TENTH AFFIRMATIVE DEFENSE**

40. Any injuries sustained by Third-Party Plaintiff, and to her decedent and spouse, Johnny Beernaert, were caused by negligence of third persons for whom Answering Defendant is not responsible.

**ELEVENTH AFFIRMATIVE DEFENSE**

41. The damages allegedly suffered by the Third-Party Plaintiff resulted from the deliberate disregard of safety instructions and/or to use required safety equipment and/or flagrant disregard for safety, to the extent that the conduct was the proximate cause of the accident and any injuries or damages resulting therefrom.

**TWELFTH AFFIRMATIVE DEFENSE**

42. Answering Defendant allege upon information and belief that the matters and things, if any, complained of in the Complaint were done, occasioned and incurred without the privity or knowledge of the Answering Defendant.

**THIRTEENTH AFFIRMATIVE DEFENSE**

43. Answering Defendant reserve the right to assert any and all additional defenses which may become available during discovery or trial.

**WHEREFORE**, Answering Defendant respectfully demands that the Third-Party Complaint be dismissed with costs to them, or in the alternative, award in contribution or indemnity against all NYC Boat Tours, LLC, and EDWARD MATTIACE, as owner and operator

of the HONCHO and for such other, further and different relief as the Court may deem just and proper.

Date: New York, New York
August 16, 2023

FREEHILL HOGAN & MAHAR LLP
*Attorneys for Answering Defendant*
*The City of New York, as Owner and Operator*
*of the Marine 1 Bravo*

By: ______________________________

Wayne D. Meehan
Daniel J. Fitzgerald
80 Pine Street 25th Floor
New York, New York 10005
(T): 973.623.5514 | (F): 973.623.3813
Meehan@freehill.com
Fitzgerald@freehill.com

TO: Paul T. Hofmann, Esq.
Hofmann & Schweitzer
*Attorneys for Claimant and Third Party Plaintiff*
212 West 35th Street
New York, New York 10001
paulhofmann@hofmannlaw.com

John J. Hession, Esq.
Guerric Russell, Esq.
Nicoletti, Hornig & Sweeney
*Attorneys for New York City Boat Tours, LLC*
*and Plaintiff Edward Mattiace*
Wall Street Plaza-88 Pine Street
New York, New York 10005
Jhession@nicolettihornig.com
grussell@nicolettihornig.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

IN THE MATTER OF THE PETITION

OF

NEW YORK CITY BOAT TOURS, LLC and EDWARD MATTIACE, as Owner of the 36' uninspected passenger vessel "HONCHO" bearing Hull Number HEB00069G585, Petitioners.

-----------------------------------------------------------------------x

HEIDI VERMANDEL, INDIVIDUALLY, AND AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF JOHNNY BEERNAERT FOR AND ON BEHALF OF HERSELF, SYBREN BRENT BEERNAERT AND IENSE CARO BEERNAERT, WHO ARE THE SURVIVING HEIRS OF JOHNNY BEERNAERT,

Third-Party Plaintiff,

V.

THE CITY OF NEW YORK,

Third-Party Defendant.

-----------------------------------------------------------------------x

**AFFIDAVIT OF SERVICE**

**1:22-cv-07383 (NGG)(LB)**

STATE OF NEW YORK )
: ss:
COUNTY OF NEW YORK )

I, Annette Carrubba, being duly sworn, depose and say that I am not a party to the within action, am over 18 years of age and have an office and place of business at 80 Pine Street, New York, New York 10005. On August 16, 2023, I served a true and correct copy of the within **Third Party Defendant's Answer to Third Party Complaint** upon:

John J. Hession, Esq.
Guerric Russell, Esq.
Nicoletti, Hornig & Sweeney
*Attorneys for New York City Boat Tours, LLC and Plaintiff Edward Mattiace*
Wall Street Plaza-88 Pine Street
New York, New York 10005
Jhession@nicolettihornig.com
grussell@nicolettihornig.com

Paul T. Hofmann, Esq.
Hofmann & Schweitzer
*Attorneys for Estate of Johnny Beernaert*
212 West 35th Street
New York, New York 10001
paulhofmann@hofmannlaw.com

Via ECF and to the address(es) designated by said attorneys for the purpose of depositing a true copy in a pre-paid properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

Annette Carrubba

Sworn to before me on this
16th day of August 2023.

Notary Public

SHARI GUZMAN
Notary Public - State of New York
No. 01GU0010346
Qualified in Queens County
My Commission Expires 06/27/2027